UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DUANE CAREY<br>1464 W. 101st Street<br>Cleveland, OH 44102<br><br>on behalf of himself and all others<br>similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC.<br>c/o CT Corporation System<br>Statutory Agent<br>1300 East Ninth Street<br>Cleveland, OH 44114<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff, Duane Carey, by and through counsel, on behalf of himself and others similarly situated, and for his Complaint against Defendant Uber Technologies, Inc., state and alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"). Accordingly, this Court has subject-matter jurisdiction.

2. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

3. Venue is proper within the Northern District of Ohio because Defendant conducts business throughout this District and Division and because a substantial part of the events giving rise to this claim arose in this District and Division.

4. Plaintiff Carey is a citizen of the United State and a resident of Cuyahoga County, Ohio.

5. At all times relevant herein, Uber Technologies, Inc. is a foreign corporation that conducts business within Cuyahoga County, Ohio.

6. Defendant is an employer as defined by the FLSA 29 U.S.C. § 203(d) and operates and conducts business in this judicial district.

7. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

8. Defendant is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of section 29 U.S.C. § 203(r) of the Fair Labor Standards Act.

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. Defendant is, and at all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 29 U.S.C. § 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

The Employee's Attorney.™



## **GENERAL ALLEGATIONS**

13. This action is brought under the FLSA to recover unpaid overtime and minimum wage compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendant as drivers.

14. Plaintiff and others similarly situated were employees of Defendant under the FLSA.

15. Defendant is a transportation business similar to a taxi service.

16. Customers access Defendant's mobile phone application which connects them with local drivers.

17. The drivers available for customers to access through Defendant's mobile phone application are screened, trained, controlled, and paid by Defendant.

18. Defendant's customers pay Defendant directly for the driver's services.

19. All customer payments are paid directly to Defendant.

20. Defendant does not permit drivers to accept payment from the customer.

21. Defendant misclassifies the drivers to avoid providing drivers with minimum benefits and protections afforded to employees under the FLSA and Ohio wage laws.

22. Drivers for Defendant should be classified as non-exempt employees under the FLSA and Ohio wage laws.

23. Driver for Defendant are non-exempt employees under the FLSA and Ohio wage laws.

24. Defendant retains the right to control, and in fact does control, the manner and means by which all drivers accomplish their work.

25. Defendant retains the sole discretion and right to hire and fire drivers.

26. Defendant retains the right to terminate the Uber phone application, or to block drivers from using the application, effectively preventing drivers from picking up customers, working, and/or earning an income.



27. Defendant retains the right to collect a portion of gratuities left by customers.

28. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to the number of fares each driver receives.

29. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to the ability to suspend or terminate a driver's ability to receive fares.

30. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to submission to Defendants customer rating system.

31. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to being subject to termination or suspension if a driver receives an unfavorable customer rating, even if the rating is unwarranted, unfounded or malicious.

32. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to being prohibited from providing estimates for fares.

33. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to being subject to termination or suspension for refusing to accept a fare.

34. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to being precluded from seeing a customer's destination until fare is accepted.



35. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to Defendant's sole ability and discretion to determine how much a customer is charged.

36. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to Defendant's sole ability and discretion to determine what percentage it deducts from a driver's earnings.

37. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to Defendant's sole ability and discretion to decide whether a customer will receive a surcharge on his or her fare.

38. At all times material herein, the Defendant's determination to add a surcharge on a customer's fare negatively impacts a driver's customer rating and number of fares available.

39. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to mandatory attendance at training courses and seminars.

40. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to Defendant's sole ability and discretion to determine if a rider's request for a fare adjustment can be granted. If granted, the driver must accept a reduced payment for their services.

41. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to



Defendant's sole ability and discretion to determine if a driver must accept a reduced payment if a customer disagrees with the route of travel as established by Defendant's navigation software.

42. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to Defendant's sole ability and discretion to determine the way a driver's service is marketed to potential customers.

43. Plaintiff and other similarly situated drivers employed by Defendant were subject to strict rules, requirements, and conditions for employment including but not limited to Defendant's sole ability and discretion to establish requirements for cleanliness and appearance of a driver's vehicle.

44. As a result of Defendant's misclassification of drivers as independent contractors, Uber does not pay its drivers a wage for each hour, or a portion thereof, that they work.

45. As a result of Defendant's misclassification of drivers as independent contractors, Uber pays its drivers using a formula, derived and determined solely by Uber, based on and related in some way to the amount Uber receives from its customers.

46. As a result of Defendant's misclassification of drivers as independent contractors, Uber drivers are not paid for all of the hours they actually work.

47. As a result of Defendant's misclassification of drivers as independent contractors, Uber drivers are not paid at least the minimum wage required by Federal and state law for each hour worked.

48. As a result of Defendant's misclassification of drivers as independent contractors, Uber drivers are not paid for hours that they work in excess of 40 hours in one week.



49. Defendant failed to comply with the FLSA because Plaintiff and other similarly situated employees were regularly required to work in excess of forty (40) hours a workweek, but were not paid overtime compensation as required by FLSA.

50. Plaintiff, and others similarly situated at the time of their employment, routinely worked seven days a week and over 40 hours per week and were not receiving overtime.

51. Defendant failed to comply with the FLSA because Plaintiff and other similarly situated employees were regularly paid less than the applicable hourly minimum wage.

52. Plaintiff and others similarly situated during the time of his respective employment with Defendant, submitted complaints to Defendant for failure to pay overtime and were told they would not receive any overtime pay.

53. Plaintiff and others similarly situated during the time of his respective employment with Defendant, submitted complaints to Defendant for failure to pay applicable hourly minimum wages and were told they would not receive an hourly minimum wage.

54. Plaintiff, and others similarly situated at the time of their employment, were paid less than the applicable hourly minimum wage.

55. On at least one occasion, Plaintiff worked in excess of 17 hours in one day and was paid $121.00 by Defendant for this time.

## COLLECTIVE ACTION ALLEGATIONS

56. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

57. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were paid less than the applicable hourly minimum wage as required by the FLSA.



58. Common questions of law and fact exist regarding Defendant's conduct with respect to overtime and minimum wage pay for all class members.

59. Common questions of law and fact exist regarding Defendant's misclassification of all class members of independent contractors.

60. The named plaintiff is a member of the class, who suffered damages as a result of Defendant's conduct and actions alleged herein.

61. The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

62. The named plaintiff will fairly and adequately represent and protect the interests of the class.

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical.

64. The number of persons in the proposed classes herein is so numerous that joinder of all such persons would be impracticable.

65. The exact number and identities of all such persons are unknown to Plaintiff at this time an can only be ascertained through appropriate discovery, and upon information and belief, Plaintiff alleges that the proposed class herein includes over 1,000 persons.

66. Plaintiff and all other similarly situated employees are required to retain the undersigned counsel to represent them in this action and are obligated to pay a reasonable fee for their services.

### COUNT I: FLSA OVERTIME VIOLATIONS

67. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.



68. During the three (3) year period prior to filing this action, Defendant failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

69. Defendant's failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

70. Defendant's violations of 29 U.S.C. § 207 were knowing, willful and in reckless disregard of the rights of Plaintiff and all others similarly situated.

71. As a direct and proximate cause of Defendant's failure to pay Plaintiff and other similarly situated employees their lawfully earned overtime wages, Plaintiff and others similarly situated suffered damages.



## COUNT II: OHIO REV. CODE § 4111.03(A) OVERTIME VIOLATIONS

72. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. During the two (2) year period prior to filing this action, Defendant failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

74. Defendant's failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of Ohio Rev. Code § 4111.03(A).

75. Defendant's violations of the Ohio Rev. Code § 4111.03(A) were knowing, willful and in reckless disregard of the rights of Plaintiff and all others similarly situated.

76. As a direct and proximate cause of Defendant's failure to pay Plaintiff and other similarly situated employees their lawfully earned overtime wages, Plaintiff and others similarly situated suffered damages.

## COUNT III: VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY MINIMUM WAGE

77. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff, at a wage rate required under 29 U.S.C. § 206.

79. As a direct and proximate cause of Defendant's failure to pay Plaintiff and similarly situated employees at a rate required under 29 U.S.C § 206, Plaintiff and similarly situated employees suffered damages.

80. As a direct and proximate cause of Defendant's actions, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff and the similarly situated employees for the full amount

of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT IV: VIOLATION OF OHIO REV. CODE § 4111.02 FOR FAILURE TO PAY MINIMUM WAGE

81. Plaintiff restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff, at a wage rate required under Ohio Rev. Code § 4111.02.

83. As a direct and proximate cause of Defendant's failure to pay Plaintiff and similarly situated employees at a rate required under Ohio Rev. Code § 4111.02, Plaintiff and similarly situated employees suffered damages.

84. As a direct and proximate cause of Defendant's actions, pursuant to Ohio Rev. Code § 4111.02, Defendants are liable to Plaintiff and the similarly situated employees for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands from Defendant the following:

(a) A certification of a Collection Action, pursuant to 29 U.S.C. § 216(b), for Plaintiff and all other similarly-situated employees as defined in this Complaint;

(b) An award against each Defendant of compensatory and monetary damages to compensate Plaintiff, and all other similarly-situated employees, for unpaid overtime compensation, lost wages, liquidated damages, and other consequential damages, in an amount in excess of $25,000 to be proven at trial;



(c) An award of reasonable attorneys' fees and non-taxable costs for Plaintiff's claims, and claims belonging to all other similarly-situated employees, as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

  /s/  James J. Hux
James J. Hux  (0092992)
Marco G. Bocciarelli (0076617)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: james.hux@spitzlawfirm.com
Email: marco.bocciarelli@spitzlawfirm.com

*Attorneys For Plaintiff Duane Carey*



## JURY DEMAND

Plaintiff demands a trial by jury by the maximum number of jurors permitted.

    /s/ *James J. Hux*
James J. Hux (0092992)
**THE SPITZ LAW FIRM, LLC**



The Employee's Attorney.™

## PLAINTIFF'S CONSENT PURSUANT TO 29 U.S.C. §216 (b)

Pursuant to 29 U.S.C. §216(b), I, Duane Carey, hereby provide my written consent to be a party plaintiff in the attached lawsuit against Uber Technologies, Inc. alleging, among other things, violations of the Fair Labor Standards Act.

*Duane Carey*
Signature

The Employee's Attorney.™

